IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK ARTHUR CRAWSHAW, JR.,         No. 2:14-cv-0562-CMK-P

      Petitioner,

   vs.                                <u>ORDER</u>

STATE OF CALIFORNIA,

      Respondent.

_____ /

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his 2010 conviction from the Colusa County Superior Court.

      Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Generally, a habeas petitioner is required to raise all colorable grounds for relief in his first petition. See <u>McFarland v. Scott</u>, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring), Habeas Corpus Rule 2(c). Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances, not relevant here, exist. 28 U.S.C. § 2244(b)(2). However, where a

petitioner is proceeding pro se and files a new petition before the district court has fully adjudicated the petitioner's prior petition, the Ninth Circuit has directed that the court should construe the new petition as a motion to amend the petition rather than as a "second or successive" petition. See Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008).

A review of the court's records[1] reveals that petitioner has an active habeas action currently proceeding, Crawshaw v. California, 2:13-cv-1349-CMK P, challenging this same conviction. Applying the Ninth Circuit's holding in Woods, the court will construe petitioner's pro se petition filed in this action as a motion to amend his pending habeas petition in case 2:13-cv-1349-CMK P. District courts have discretion to decide whether a motion to amend should be granted. See 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a); see also Woods, 525 F.3d at 890. Whether petitioner will be allowed to amend his petition in case 2:13-cv-1349-CMK P will be addressed by separate order in that case.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of habeas corpus is construed as a motion to amend petitioner's prior petition in case number 2:13-cv1349-CMK P;

2. The Clerk of the Court is directed to take the petition filed in this action and file it as a motion to amended petitioner's petition in case 2:13-cv1349-CMK P;

3. All pending motions in this case are denied as moot; and

3. The Clerk of the Court is further directed to close this case as duplicative.

DATED: April 3, 2014

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

---

[1] A court may take judicial notice of court records. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).